## Commonwealth v. Lowry.

*Criminal law — Assault and battery — Return of justice of the peace — Hearing—Construction and constitutionality of Act of May 27, 1919.*

1. The return of an alderman in the usual form, which, after reciting issuance and service of warrant for assault and battery and the holding of the preliminary hearing, concludes, "after hearing all the testimony, I bind defendant over to the next term of court," is a sufficient compliance with the Act of May 27, 1919, P. L. 306.

2. There is nothing in the act requiring the alderman to return that he had complied with its terms.

3. If the offence were a new one, or if the method of procedure had been radically changed, or if the jurisdiction of the alderman had been enlarged, it might be the legislative intent that the return should disclose compliance with the provisions of the act.

4. Cases under the Act of March 18, 1909, P. L. 42, relating to breach of the peace, are not applicable to the construction of the Act of May 27, 1919.

5. *Semble.* The Act of May 27, 1919, P. L. 306, is wholly unconstitutional.

Motion to discharge defendant. Q. S. Lehigh Co., June Sess., 1922, No. 58.

*D. M. Garraham,* for motion;  *R. W. Jobst,* District Attorney, contra.

RENO, J. (GROMAN, P. J., concurring), Oct. 2, 1922.—The defendant, indicted for assault and battery, moves for a discharge because the alderman's transcript does not show compliance with the provisions of section 1 of the Act of May 27, 1919, P. L. 306, which is as follows: "That in all cases of prosecu-
3 D. & C.

Commonwealth *v.* Lowry.

tions for assault and battery, the alderman, justice of the peace or magistrate before whom such case is instituted shall, before he binds any person so charged over to the Court of Quarter Sessions upon the oath of any complainant, enter into a full hearing and investigation of the facts charged, and shall only bind over the defendant to the said court when he is satisfied from the evidence that the prosecution is reasonably well founded."

The return of the alderman is in the usual form, and, after reciting issuance and service of warrant and the holding of the preliminary hearing, concludes, "after hearing all the testimony, I bind the defendant over to the next term of court."

We note that there is nothing in the act requiring the alderman to return that he has complied with its provisions. If, therefore, such return is required, it is because its necessity is to be implied from some express provision therein contained. Thus, if the offence were a new one, or if the method of procedure had been radically changed, or if the jurisdiction of the alderman had been enlarged, we might well imply a legislative intent that the return disclose compliance with its provisions. But the act imposes no new duty upon the alderman. He has always been required, upon the preliminary hearing of any criminal charge, to determine whether the prosecution was reasonably well founded. Since the passage of the Act of May 14, 1915, P. L. 499, he is required to enter into a full hearing in certain cases, of which assault and battery is one, upon the demand of the defendant. These duties have long rested upon the alderman, but it has never been supposed that his failure to return that he had performed such duty, and that the preliminary hearing revealed a prosecution reasonably well founded, ousted our jurisdiction to try the offence. Always the presumption of regularity attaching to the acts of a public official has applied to his returns, and when he returned that he remanded a case to court, we have assumed that it was reasonably well founded. There is nothing in the act forbidding the indulgence of the same presumption with respect to assault and battery cases. Therefore, we will not hold that the omission to so certify prevents us from trying the prosecution.

It is suggested that this act is quite similar to that of March 18, 1909, P. L. 42, under which many courts have held that, unless the alderman's return shows affirmatively compliance with its provisions, the Quarter Sessions Court acquires no jurisdiction. But this contention fails to take into account the wide difference between the two offences covered by the respective acts and the tremendous change effected in surety of the peace cases by the Act of 1909. Prior to the passage of the Act of 1909, surety for keeping the peace was demandable of right, whenever the complainant, because of threats, believed he was in danger of being hurt in body or estate, whether such danger was actual or not, and whether the threats were made with or without intent to do harm. See Act of March 31, 1860, § 6, P. L. 427. The only duty incumbent upon the alderman was to administer the necessary oath to the prosecutor, and upon the arrest of the defendant to bind him over, with one surety, for his appearance at the next term of court. He had neither the right, nor was it his duty, to determine the truth of the facts alleged in the information nor to ascertain whether there was any ground for requiring defendant to enter bond for keeping the peace. That duty rested exclusively with the Court of Quarter Sessions. Now, the Act of 1909 imposes upon him the duty of conducting a hearing, and commands return of only such cases where the evidence shows that the prosecutor's danger of being hurt in body or estate is actual and that the threats were made by defendant maliciously

Commonwealth v. Lowry.

and with intent to do harm. That is, he must now hear the case, determine the facts and find a conclusion of law, thus doing that which formerly devolved exclusively upon the court. Besides, he is required to suggest to the parties the propriety of compromising their differences before entering into a hearing. The act altered entirely existing procedure and also considerably changed the nature of the offence. Consequently, in construing the provisions of the Act of 1909, it is entirely proper to hold that the alderman's return should show a compliance with all the conditions which are there prescribed as the basis upon which a return must be founded and upon which his jurisdiction is predicated. But, as we have already shown, the Act of 1919 makes no changes whatever in the duty of the alderman; it imposes no new duty upon him; it does not enlarge his jurisdiction nor alter the character of the preliminary hearing; it does not compel him to hear that which, before the passage of the act, he was not obliged, and was not authorized, to hear; it makes no change in his functions or powers (except that of assessing the costs, which, as we shall see, is void), and, therefore, the long line of cases construing the Act of 1909 have no value in determining the question before us. Our conclusion is that there is nothing in the act which requires a return in assault and battery cases different from that in other criminal cases.

Having reached this conclusion, consideration of the constitutionality of the statute is perhaps unnecessary. But we cannot fail to note that the 2nd section of the act has been judicially pronounced unconstitutional in an opinion which seems to be altogether beyond successful refutation. Com. v. Bossler, 29 Dist. R. 171 (Endlich, P. J.); followed, Anderson v. Com., 70 Pitts. L. J. 68 (Evans, J.). Although the 2nd section is not directly drawn into question by the motion now before us, we cannot escape the conclusion that if the 2nd section is unconstitutional, the 1st section falls with it. Unquestionably, the legislative purpose was to keep this court free of minor and petty cases, and to that end the alderman was invested with a new power, viz., to assess the costs and to impose them upon the prosecutor or defendant, or both. Unless that power was conferred upon the alderman, the legislative purpose could not be effectuated, for it is plain that unless prosecutions can be terminated by him, this court will still be obliged to try them. The power to assess costs upon the parties having been declared unconstitutional, the purpose of the legislation is frustrated and the entire act is void. Undoubtedly, the two sections are intimately connected and are mutually dependent upon each other in subject-matter and have for their object the accomplishment of the same purpose. We, therefore, experience no difficulty in presuming that the legislature would not have enacted the one without the other: Com. v. Shaleen, 30 Pa. Superior Ct. 1. The whole act being inoperative, there is no basis upon which the defendant's motion can be granted.

Now, Oct. 2, 1922, the motion to discharge the defendant is refused. Defendant will, within ten days after date, renew his bail for appearance at the January Sessions of this court; in default whereof, bench warrant shall be granted upon motion of the Commonwealth.

From James L. Schaadt, Allentown, Pa.

NOTE.—In Anderson v. Com., 70 Pitts. L. J. 68, cited in the above opinion, Evans, J., after stating the facts and quoting the three sections of the act, merely said: "The opinion of Endlich, P. J., in the case of Com. v. Bossler, 29 Dist. R. 171, so fully covers all the questions in this case, and so completely meets with the approval of this court, that we see no ground to add to what that eminent judge has said. For the reasons set forth in his opinion, the judgment in the present case is reversed and restitution ordered."

3 D. & C.